## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 07 B 8005 |
| | ) | |
| ROSE MAYFIELD, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Judge Pamela S. Hollis |

### MEMORANDUM OPINION

This matter comes before the court on the motion of the Chapter 13 Trustee to

dismiss the case for failure to file Official Form B201, titled Notice to Individual

Consumer Debtor. Rose Mayfield filed for relief under Chapter 13 on May 2, 2007. She

admits that she did not file Form B201 until August 21, 2007, when more than 45 days

had elapsed from the commencement of the case. The Trustee asserts that pursuant to 11

U.S.C. § 521, Form B201 must be filed within 45 days from the date the case is filed, and

requests that this case be dismissed effective as of the 46th day from the date of filing.

In relevant part, 11 U.S.C. § 521 states:

(a)     The debtor shall -- . . .

    (1)     file -- . . .

        (B) unless the court orders otherwise --

            (iii)     a statement of the debtor's financial affairs and, if section
                342(b) applies, a certificate --

                (I)     of an attorney whose name is indicated on the
                    petition as the attorney for the debtor . . . indicating
                    that such attorney . . . delivered to the debtor the
                    notice required by section 342(b); or

                (II)     if no attorney is so indicated, and no bankruptcy
                    petition preparer signed the petition, of the debtor
                    that such notice was received and read by the
                    debtor...

Subsection 521(i)(1) states that "if an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46[th] day after the date of the filing of the petition."

The question presented herein is whether Mayfield's failure to file Form B201 triggers the application of § 521(i)(1). The Chapter 13 Trustee brought a motion to dismiss which merely states that Mayfield failed to file "§ 342(b) Certificate/Notice." No legal discussion is included in the motion and no separate memorandum of law was filed.

11 U.S.C. § 342(b) requires that prior to the commencement of a bankruptcy case, the clerk of the court must give individual consumer debtors

(b)      . . . written notice containing—

    (1)      a brief description of—

        (A)      chapters 7, 11, 12, and 13 and the general purpose, benefits, and costs of proceeding under each of those chapters; and

        (B)      the types of services available from credit counseling agencies; and

    (2)      statements specifying that—

        (A)      a person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury in connection with a case under this title shall be subject to fine, imprisonment, or both; and

        (B)      all information supplied by a debtor in connection with a case under this title is subject to examination by the Attorney General.

Official Form B201 is titled, "Notice to Individual Consumer Debtor Under § 342(b) of the Bankruptcy Code." According to the accompanying instructions:

This form acts as a pre-printed information sheet on basic debtor's rights under the different chapters of the Bankruptcy Code. Clerks may wish to use this form to respond to general inquiries from the public.

2

Clerks may also use the form to discharge their responsibility under
section 342(b) of the Code (11 U.S.C. § 342(b)) . . . .

If the clerk uses this form for Section 342(b) purposes, the clerk should
either file a proof of service or have the debtor acknowledge receipt of the
form by signing and dating a copy of the form, which copy should then be
filed. The printed form available to clerks from the GSA National Forms
and Publications Center provides an extra copy for signing by the debtor
and filing in the case file.

Since there is no requirement in the Code that Form B201 be filed with the

petition, the instructions recommend that the clerk file either the proof of service or an

acknowledgement of receipt.

In fact, the only indication that Form B201 is a required filing in this district came

in the form of an announcement on the court's website. On August 20, 2007, the court

posted an announcement that effective Monday, August 27, 2007, the United States

Bankruptcy Court for the Northern District of Illinois required the filing of Form B201.

Since the Bankruptcy Code does not require the filing of Form B201, and the

Northern District of Illinois only recently indicated that B201 is a required document, the

court concludes that under the particular circumstances of this case, Mayfield's failure to

file Form B201 does not trigger the application of § 521(i)(1).

However, § 521 does require a debtor's attorney whose name is indicated on the

petition to file a certificate indicating that he or she "delivered to the debtor the notice

required by section 342(b) . . .". Mayfield argues that her counsel's signature on page 2

of the voluntary petition at Exhibit B satisfied this requirement. Exhibit B provides in

relevant part: "I further certify that I have delivered to the debtor the notice required by

11 U.S.C. § 342(b)."

Mayfield provided no case law in support of this argument, and since the Trustee

did not reply to Mayfield's response, no case law in opposition was provided either.

However, the court located a published opinion in which a nearly identical issue arose.

In <u>In re Spencer</u>, 2006 WL 3820702 (Bankr. D.D.C. Dec. 22, 2006), the United States

Trustee brought a motion to dismiss a pro se debtor's case under § 521(i). The court

granted the motion, but noted that it was not relying

> on two of the grounds the motion advances for dismissing the case. . . .
> [C]ontrary to the United States Trustee's contention, the debtor did
> comply with 11 U.S.C. § 521(a)(1)(B)(iii)(II) because the petition
> included as part of the box for the debtor's signature a certification that the
> debtor received and read the notice required by 11 U.S.C. § 342(b), and
> the debtor signed that certification.

<u>Spencer</u>, 2006 WL 3820702, *1.

Mayfield is not <u>pro se</u>, so her signature on page 3 of the petition did not certify

that she had "obtained and read the notice required by 11 U.S.C. § 342(b)." Instead, her

attorney made the certification in a different section, as required by § 521(a)(1)(B)(iii)(I).

The reason that <u>Spencer</u> is analogous, however, is because the court found that a

signature on the petition certifying receipt (or delivery) of the notice was sufficient to

satisfy § 342(b).

Moreover, § 521(a)(1)(B)(iii)(II) indicates that the debtor must file a certificate of

receipt if there is no attorney "and no bankruptcy petition preparer signed the petition."

If a bankruptcy petition preparer signs a bankruptcy petition, by that signature they are

certifying that they "prepared this document for compensation and have provided the

debtor with a copy of this document and the notices and information required under 11

U.S.C. §§ 110(b), 110(h), and 342(b) . . .".

The key in each of these situations, whether there is attorney representation,

bankruptcy petition preparer assistance, or a <u>pro se</u> debtor, is that a signature in the

4

appropriate location on the bankruptcy petition serves as the certification that the debtor received notice as required by § 342(b).

That conclusion is not so clear for cases filed in this District after August 27, 2007, when the announcement became effective that the Notice to Individual Consumer Debtor was required to be filed with the petition or within 15 days. Since the Chapter 13 Trustee did not file a reply to Mayfield's response, and did not address the issues raised therein, including the effect of this announcement, the court makes no determination as to the enforceability of the Form B201 requirement.

For the reasons stated above, the motion to dismiss is denied. To the extent necessary, the motion to extend deadline is granted through and including August 21, 2007, the date on which Mayfield filed her Form B201.

Date: _____JAN 1 4 2008_____          _____
                                        PAMELA S. HOLLIS
                                        United States Bankruptcy Judge